UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:24-cv-00462-WDK-PD                              Date: April 5, 2024

Title   _Glen Love v. Benjamin Sanza_

Present: The Honorable:   Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) Order to Show Cause Why Complaint Should Not Be Dismissed

    On January 11, 2024, Plaintiff Glen Love ("Plaintiff"), a federal inmate proceeding pro se, filed a civil right complaint pursuant to 42 U.S.C. § 1983 against Defendant Benjamin Sanza ("Defendant"), an Inglewood police officer, in his individual capacity. [Dkt. No. 1 at 3.] Plaintiff paid the filing fee on February 7, 2024.

    Plaintiff alleges that on July 30, 2017, Defendant knowingly presented false information to a California state judge to obtain a search warrant for Plaintiff's store, the "Stop & Shop." [Id. at 3, 5, 8, 23-35.] He alleges that Defendant violated his Fourth Amendment right against unreasonable search and seizure and his Fifth and Fourteenth Amendment rights to due process. [Id. at 4, 10, 12-15, 18.] Plaintiff further alleges that his personal property was destroyed, and Defendant and the Inglewood Police Department allowed thieves to steal his equipment. [Id. at 5.] Plaintiff seeks $57,220.00 in actual losses and $500,000 in punitive damages. [Id. at 6.]

    Attached as Exhibit Two to the Complaint is an Order in *United States v. v. Glen Dwight Love, et al.*, Case Number 2:18-cr-00430-JGB, Docket No. 326, denying Defendants' motion to suppress evidence obtained through wiretap and video surveillance. [Dkt. No. 1 at 37-46.] Plaintiff Glen Love is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-00462-WDK-PD                    Date: April 5, 2024

Title      *Glen Love v. Benjamin Sanza*

defendant in that criminal matter and is one of the defendants whose suppression motion was denied. [Id.] Included in Exhibit Three to the Complaint are "Claim[s] for Damages" filed with the City of Inglewood dated October 8 and October 16, 2017 [Id. at 51-59], along with correspondence from the City of Inglewood [Id. at 48-49]. In a letter dated January 10, 2018, Plaintiff was notified that his claim for damages was denied by the Inglewood City Council. [Id. at 50.]

## I.    Standard of Review

The Court is required to screen *pro se* complaints brought by prisoners and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the Complaint and views all inferences in a light most favorable to him. *See Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

## II.    Discussion

### A.    The *Heck* Bar

To the extent that Plaintiff is suing Defendant for violations of his rights under the Fourth Amendment for unreasonable search and seizure, his claim appears barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). A § 1983 claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless that conviction or sentence has already been invalidated. *Heck,* 512 U.S. at 487. "[I]f a criminal conviction arising out of the same facts stands and is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-00462-WDK-PD                    Date: April 5, 2024

Title      *Glen Love v. Benjamin Sanza*

fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam); *see, e.g., Szajer v. City of Los Angeles*, 632 F.3d 607, 611-12 (9th Cir. 2011) (holding *Heck* bars § 1983 Fourth Amendment claim challenging searches and seizures that led to convictions).  Consequently, "the relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence." *Smith v. City of Hemet*, 394 F.3d 689, 695 (9th Cir. 2005) (quoting *Heck*, 512 U.S. at 487).

District courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted).  The Court takes judicial notice of court records in the United States District Court for the Central District of California Case No. 2:18-cr-00430-JGB, *United States v. Glen Dwight Love, et al.*

According to those court records, on April 24, 2023, Plaintiff pled guilty to Counts One and Twenty-Two of the Indictment, charging him with conspiring to manufacture, distribute, and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C), and unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  [*See* Case No. 2:18-cr-00430-JGB, Dkt. Nos. 815, 816.]  On July 17, 2023, Plaintiff was sentenced to prison for 108 months on Counts One and Twenty-Two.  [*Id.*, Dkt. No. 844.]

A judgment in plaintiff's favor on his Fourth Amendment claim would necessarily imply the invalidity of his conviction in Case No. 2:18-cr-00430-JGB.  This conviction has not been overturned, reversed, expunged, or otherwise invalidated.  As a result, Plaintiff's Fourth Amendment claim appears foreclosed by *Heck*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-00462-WDK-PDDate: April 5, 2024

Title_Glen Love v. Benjamin Sanza_

### B.Due Process Claim

Plaintiff alleges that his Fifth and Fourteenth Amendment rights to due process were violated. [Dkt. No. 1 at 5.] Plaintiff does not provide any factual allegations about what process he contends he was "due" that he did not receive. Further, Plaintiff fails to demonstrate what Defendant did or failed to do with respect to this claim.

To the extent that Plaintiff contends that his due process rights under the Fifth and Fourteenth Amendments were violated by Defendant's alleged intentional omission of material information in seeking the warrant [Dkt. No. 1 at 14], that claim also appears barred by *Heck*.

### III.Order

For the foregoing reasons, Plaintiff is **ORDERED TO SHOW CAUSE** why the Court should not recommend that the Complaint be dismissed for failure to state actionable claims. *See* 28 U.S.C. § 1915(e)(2)(B). To discharge and satisfy this order, Plaintiff can either:

(1) File a First Amended Complaint ("FAC"), which would entirely supersede the Complaint, if he can cure the legal deficiencies outlined in this Order. Plaintiff is advised that a FAC would entirely replace the Complaint in this action. Any amended complaint must:

(a) be labeled "First Amended Complaint";
(b) be complete in and of itself and not refer in any manner to prior complaints, i.e., it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2;
(c) contain a "short plain" statement of the claim(s) for relief, see Fed. R. Civ. P. 8(a);
(d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1);
(e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-00462-WDK-PD                         Date: April 5, 2024

Title   _Glen Love v. Benjamin Sanza_

      (f) set forth clearly the sequence of events (including specific relevant dates) which allegedly gives rise to the claim(s) for relief, including what each defendant did and how each specific defendant's conduct injured each specific plaintiff; and

      (g) not add defendants or claims without leave of court.

or

      (2) Voluntarily dismiss the action—without prejudice to refiling later if justified—using the attached form CV-09.

      Plaintiff must do one of these things by no later than **April 29, 2024**. If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by **April 29, 2024**, which will result in the voluntary dismissal of this action without prejudice.

      Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.

      Finally, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate filing of a First Amended Complaint if he elects to proceed in that fashion.

**Attachments**:
--Notice of Voluntary Dismissal (CV-09)
--Civil Rights Complaint Form (CV-66)

                                                                                                      :
                                                                                              iv
                                                                                 Initials of Preparer