UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:24-cv-00462-WDK-PD                    Date: October 8, 2024

Title   *Glen Love v. Benjamin Sanza*

Present: The Honorable:     Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) Order to Show Cause Why First Amended Complaint Should Not Be Dismissed as Time-Barred

    Plaintiff Glen Love ("Plaintiff"), a federal inmate proceeding pro se, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 against Defendant Benjamin Sanza ("Defendant"), an Inglewood police officer, in his individual capacity. [Dkt. No. 8 at 3.]

    Plaintiff alleges that on July 30, 2017, Defendant knowingly presented false information to a California state judge to obtain a search warrant for Plaintiff's store, the "Stop & Shop." [Id. at 5-6, 24-36.] Plaintiff alleges that the state warrant was premised on a "fictitious allegation that Raythel Brown and Wiley Ivory were involved in a shooting." [Id. at 5.] Plaintiff alleges that the state warrant is unrelated to his federal conviction. Plaintiff further alleges that he is not contesting his federal conviction, and his case is therefore not barred by *Heck*.[1] [Id.]

---

[1] The Court previously issued an Order to Show Cause why the Complaint should not be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), as it appeared that Plaintiff was contesting his federal criminal conviction. [*See* Dkt. No. 5.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-00462-WDK-PD                               Date: October 8, 2024

Title        *Glen Love v. Benjamin Sanza*

Plaintiff alleges that Defendant violated his Fourth Amendment right against unreasonable search and seizure and his Fourteenth Amendment right to due process. [Id. at 5-6.] Plaintiff further alleges that his personal property was destroyed, and Defendant had no legal justification to leave his property unsecured to allow thieves to rob it afterwards. [Id. at 6.] Plaintiff seeks $57,220.00 in actual losses and $500,000 in punitive damages. [Id. at 7.]

Plaintiff attached as Exhibit One to the FAC correspondence from the City of Inglewood dated October 24, 2017, notifying him that his claim has been forwarded to the Office of the City Attorney [Id. at 9, 10], as well as correspondence dated January 10, 2018, notifying him that the Inglewood City Council had denied his claim for damages (date of loss September 20, 2017) and advising him that he has six months from the denial to file a court action under California Government Code section 945.6 [Id. at 11]. Plaintiff also attached a letter dated October 15, 2019, to an attorney regarding his federal criminal matter [Id. at 12] and two claims for damages to the City of Inglewood dated October 8, 2017, and October 16, 2017 [Id. at 13-20]. Attached as Exhibit Two is a report from the Inglewood Police Department along with a copy of the search warrant. [Id. at 22-36.]

### I.   Standard of Review

The Court is required to screen pro se complaints brought by prisoners and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). Even when a plaintiff is not proceeding in forma pauperis, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." *See Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). In determining whether a complaint should be dismissed at screening, the Court applies the same standard as that in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-00462-WDK-PD          Date: October 8, 2024

Title     *Glen Love v. Benjamin Sanza*

favorable to the nonmoving party, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding pro se, the Court construes the First Amended Complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008) (per curiam).

**II. Discussion**

   **A. Plaintiff's Claims Appear Barred by the Two-Year Statute of Limitations**

The FAC appears on its face to be time barred. A complaint may be dismissed sua sponte at the screening stage for failure to state a claim when "the running of the statute of limitations is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 594, 596 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006) (internal quotations omitted). *Belanus v. Clark*, 796 F.3d 1021, 1024-25 (9th Cir. 2015) (affirming dismissal of pro se complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations).

The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions. *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (per curiam) (citation omitted), *cert. denied*, 140 S. Ct. 899 (2020); *Mills v. City of Covina*, 921 F.3d 1161, 1166 (9th Cir.), *cert. denied*, 140 S. Ct. 388 (2019). "In California, personal injury claims that accrued after January 1, 2003, are subject to a two-year statute of limitations." *Colony Cove Props., LLC v. City*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:24-cv-00462-WDK-PD       Date: October 8, 2024

Title       *Glen Love v. Benjamin Sanza*

*of Carson*, 640 F.3d 948, 956 (9th Cir.), *cert. denied,* 565 U.S. 971 (2011); Cal. Civ. Proc. Code § 335.1; *Jackson v. Barnes*, 749 F.3d 755, 761 (9th Cir. 2014), *cert. denied*, 574 U.S. 1077 (2015). Federal law determines when a cause of action accrues and the limitations period begins to run. *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019); *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury that forms the basis of his cause of action." *Soto v. Sweetman*, 882 F.3d 865, 870 (9th Cir.), *cert. denied*, 139 S. Ct. 480 (2018); *Bird*, 935 F.3d at 743.

Here, Plaintiff alleges that on September 20, 2017, his business was illegally searched, surveillance cameras at his business were destroyed, and his property was stolen. [Dkt. No. 8 at 13-14.] Plaintiff's claim therefore accrued on September 20, 2017, when he was aware of Defendant's actions and his damages. Without tolling, the two-year statute of limitations would have expired on September 20, 2019. Plaintiff filed the instant Complaint on January 11, 2024. [Dkt. No. 1.] The FAC is untimely unless Plaintiff is entitled to tolling.

The Court borrows California's statutory and equitable tolling rules to the extent they are not inconsistent with federal law. *See Jones v. Blanas,* 393 F.3d 918, 927-28 (9th Cir. 2004), *cert. denied*, 546 U.S. 820 (2005). Among other statutory provisions, California applies up to two years of tolling for plaintiffs imprisoned for less than a life term. Cal. Civ. Proc. Code § 352.1(a) ("If a person entitled to bring an action ... is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."); *Brown v. County of Los Angeles*, 830 F. App'x 231, 232 (9th Cir. 2020) (only prisoners serving sentences less than life without the possibility of parole are entitled to tolling under section 352.1).

It does not appear that Plaintiff was imprisoned at the time his claim accrued. Further, even if Plaintiff qualified for the two years of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:24-cv-00462-WDK-PD                              Date: October 8, 2024

Title     _Glen Love v. Benjamin Sanza_

imprisonment tolling under section 352.1, his claim still would be untimely by about two years.

California also provides for equitable tolling in limited circumstances when the plaintiff satisfies the following three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation and citation omitted), *cert. denied*, 529 U.S. 1117 (2000). Here, the FAC provides no apparent basis for equitable tolling sufficient to overcome the time bar.

### III.  Order

Accordingly, Plaintiff is Ordered to Show Cause by **November 8, 2024**, why this action should not be dismissed as time barred. Plaintiff's response should address whether he properly qualifies for tolling or other grounds sufficient to overcome the applicable statute of limitations.

Alternatively, if Plaintiff does not wish to proceed with this federal action, he may instead date, sign and return the attached dismissal notice by the foregoing deadline.

Plaintiff is cautioned that the failure to comply with this Order to Show Cause and/or to show good cause may result in the dismissal of this action as time-barred, for lack of prosecution and/or for failure to comply with a Court Order.

Finally, **the Clerk is directed** to provide a Central District of California Notice of Voluntary Dismissal Form, CV-09, to Plaintiff.

**Attachment**:
--Notice of Voluntary Dismissal (CV-09)