

1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GLEN LOVE,

               Plaintiff,

    v.

BENJAMIN SANZA,

               Defendant.

Case No. 2:24-cv-00462-SB-PD

**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE**

## I.    Pertinent Procedural History and Plaintiff's Claims

Plaintiff Glen Love, a former federal inmate proceeding pro se, filed a First Amended Complaint (FAC) pursuant to 42 U.S.C. § 1983 against Defendant Benjamin Sanza, an Inglewood police officer, in his individual capacity.  Dkt. No. 8 at 3.  Plaintiff alleges that on July 30, 2017, Defendant knowingly presented false information to a California state judge to obtain a search warrant for Plaintiff's store, the "Stop & Shop."  *Id.* at 5–6, 24–36. Plaintiff alleges that Defendant violated his Fourth Amendment right against unreasonable search and seizure and his Fourteenth Amendment right to due process.  *Id.* at 5–6.  Plaintiff further alleges that his personal property was destroyed, and Defendant had no legal justification to leave his property

unsecured to allow thieves to rob it afterwards. *Id.* at 6.  Plaintiff sought

monetary and punitive damages. *Id.* at 7.

The Court screened the FAC and found that it appeared to be barred by

the two-year statute of limitations.  The Court issued an Order to Show Cause

(OSC) why this action should not be dismissed as time barred.  Dkt. No. 9.

Plaintiff responded to the OSC and explained that he was taken into federal

custody in August 2018, had been on lockdown for 14 months in 2020 and was

unable to conduct any legal research, and was moving between facilities from

2022 until his arrival at FCI Lompoc in September 2023.  Dkt. No. 10.

According to Plaintiff, he was diligently pursuing his case but was impeded by

external forces and therefore argues he is entitled to equitable tolling. *Id.*

On April 18, 2025, Plaintiff filed a change of address stating that he was

paroled from FCI Lompoc and provided the Court with his home address.

Dkt. No. 11.

On August 8, 2025, the Court discharged the OSC and ordered the U.S.

Marshal to serve Defendant with a Summons and the FAC.  Dkt. Nos. 12, 13.

On August 25, 2025, the Court's Order was returned to the Clerk with a

notation "RETURN TO SENDER —INSUFFICIENT ADDRESS—UNABLE

TO FORWARD—RETURN TO SENDER."  Dkt. No. 15.

On September 12, 2025, Defendant filed an Answer.  Dkt. No. 16.

On September 24, 2025, the Court issued an Order to Show Cause why

the FAC should not be dismissed for Plaintiff's failure to update the docket

with his current address.[1]  Dkt. No. 19.  Plaintiff was ordered to provide a

---

[1] Local Rule 41-6 requires that a "party proceeding *pro se* must keep the Court and
all other parties informed of the party's current address as well as any telephone
number and email address.  If a Court order or other mail served on a *pro se* plaintiff
at his address of record is returned by the Postal Service as undeliverable and the
*pro se* party has not filed a notice of change of address within 14 days of the service
date of the order or other Court document, the Court may dismiss the action with or
without prejudice for failure to prosecute."

2

current address no later than October 8, 2025. *Id.* Plaintiff was cautioned that if he failed to respond to the OSC, the Court would recommend dismissal of this action for failure to prosecute. *See id.* The OSC was mailed to the address listed on the docket. *Id.*

On September 29, 2025, the "Notice of Reassignment of Case Due to Unavailability of Judicial Officer" was returned to the Clerk with a notation "RETURN TO SENDER —NOT DELIVERABLE AS ADDRESSED— UNABLE TO FORWARD." *See* Dkt. Nos. 18, 20.

To date, Plaintiff has not responded to the Court's Orders, provided an updated address, or otherwise communicated with the Court about his case since April 2025. Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-6.

## II. Discussion

Rule 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal[.]" *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In this case, the first two factors – public interest in expeditious resolution of litigation and the need to manage the Court's docket – weigh in

3

favor of dismissal. Plaintiff did not provide an updated address. His failure
to update his address—or show good cause for his delay—prevents the Court
from moving this case toward disposition and shows that Plaintiff does not
intend to litigate this action diligently.

The third factor – prejudice to Defendant – also weighs in favor of
dismissal. The Ninth Circuit has held that prejudice may be presumed from
unreasonable delay. *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994);
*Moore v. Teflon Commc'ns. Corp.*, 589 F.2d 959, 967–68 (9th Cir. 1978).
Plaintiff's inaction in this matter is an unreasonable delay, given that the
Court has attempted to mail several orders to Plaintiff and has received no
response. In the absence of any explanation, non-frivolous or otherwise, for
Plaintiff's delay, the Court presumes prejudice. *See Laurino v. Syringa Gen.
Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be
rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing
*Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

The fourth factor – the availability of less drastic sanctions – ordinarily
counsels against dismissal. However, the Court attempted to avoid outright
dismissal by giving Plaintiff ample time to communicate with the Court and
update his address. Plaintiff was also expressly warned that he must keep
the Court apprised of his address at all times and that his failure to do so may
result in the case being dismissed for failure to prosecute. *See* Dkt. Nos. 3, 19.
Thus, the Court explored the only meaningful alternatives to dismissal in its
arsenal and found that they were not effective. *See Henderson v. Duncan*, 779
F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every
sanction short of dismissal before finally dismissing a case, but must explore
possible and meaningful alternatives.") (citation omitted).

The fifth factor – the general policy favoring resolution on the merits –
ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is,

4

however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991).  Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits.  This factor does not weigh in favor of or against dismissal.

In sum, four out of the five factors support dismissal.  The Court concludes that dismissal for failure to prosecute is warranted.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute.

**IT IS SO ORDERED.**

Dated:  November 3, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge